IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GARY DEWAYNE BEARDEN, | ) | No. C 05-2625 MMC (PR) |
| Plaintiff, | ) | |
| | ) | **ORDER OF DISMISSAL** |
| v. | ) | |
| KEVIN SOO-THOO, DR. HOBAN, | ) | |
| Defendants. | ) | |
| _____ | ) | |

Gary DeWayne Bearden, proceeding pro se and currently incarcerated in Salinas Valley State Prison ("SVSP"), filed the above-titled civil rights action under 42 U.S.C. § 1983. He claims that an SVSP psychologist, Kevin Soo-Thoo ("Soo-Thoo"), and an SVSP psychiatrist, Dr. Hoban, violated his constitutional rights by providing him with inadequate medical care. By separate order, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

A.   **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. §

1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. See <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

**B.    Legal Claim**

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. <u>Helling v. McKinney</u>, 509 U.S. 25, 31 (1993). Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976); <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), <u>overruled on other grounds</u>, <u>WMX Technologies, Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See <u>McGuckin</u>, 974 F.2d at 1059. A claim of mere negligence in connection with medical conditions is not enough to make out a violation of the Eighth Amendment. See <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981).

Here, plaintiff alleges he was diagnosed with depression and prescribed anti-depressants while incarcerated at the California Medical Facility ("CMF"). He alleges that after being transferred to SVSP in early 2004, he was provided with therapy, group counseling and anti-depressants, but after three weeks the therapy and group counseling were discontinued. He further alleges that Soo-Thoo denied his requests for continued therapy and group counseling sessions. According to plaintiff, in April 2005, Dr. Hoban discontinued the anti-depressants, explaining to plaintiff "I think it's time you tried to deal with your chronic depression without medication." Plaintiff complains that his depression and suicidal thoughts have continued; he states he wants to have therapy, group counseling and anti-depressants reinstated.

The medical treatment plaintiff alleges he received does not amount to deliberate

indifference. "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981). In order to prevail on such a claim, plaintiff would have to establish that the course of treatment the doctors chose was medically unacceptable under the circumstances and that they chose this course in conscious disregard of an excessive risk to plaintiff's health. <u>See</u> <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1058-60 (9th Cir. 2004) (holding nothing more than difference of medical opinion as to need to pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate indifference). Here, plaintiff, while at SVSP, has received treatment and medical attention for his condition. After plaintiff was receiving anti-depressant medication for approximately one year, Dr. Hoban was of the opinion that plaintiff should not continue to treat his condition with anti-depressant medications. Similarly, after three weeks of therapy and group counseling, plaintiff's psychologist Kevin Soo-Thoo was of the opinion that such modalities were no longer necessary for plaintiff's treatment. The fact that plaintiff disagrees with these decisions, or that his depression continues, does not mean that the decisions were medically unacceptable or amounted to deliberate indifference to his serious medical needs. Consequently, the allegations in plaintiff's complaint, even when liberally construed, do not state a cognizable claim for relief under § 1983.

## CONCLUSION

In light of the foregoing, the complaint is hereby DISMISSED for failure to state a claim upon which relief may be granted.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: October 18, 2005

_____
MAXINE M. CHESNEY
United States District Judge