IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GARY DEWAYNE BEARDEN, | ) | No. C 05-2625 MMC (PR) |
| Plaintiff, | ) ) | **ORDER DENYING RECONSIDERATION** |
| v. | ) ) | |
| KEVIN SOO-THOO, DR. HOBAN, | ) | **(Docket No. 7)** |
| Defendants. | ) ) | |
| _____ | ) | |

    Gary DeWayne Bearden, proceeding pro se and currently incarcerated in Salinas Valley State Prison ("SVSP"), filed the above-titled civil rights action under 42 U.S.C. § 1983.  Subsequently, the action was dismissed for failure to state a cognizable claim for relief.  Now before the Court is plaintiff's motion for reconsideration.

    Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir.1993).  Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief.  See Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir.

1981).

Plaintiff does not indicate the provision of Rule 60(b) under which reconsideration is warranted. Plaintiff alleges no new evidence that could not have been discovered with due diligence, no mistake, inadvertence, surprise or excusable neglect, no fraud by the adverse party, and no voiding of the judgment. Plaintiff does not provide any other reason justifying relief. Rather, plaintiff argues that he should be granted leave to amend the complaint. There does not appear to be any way that the deficiencies in the complaint could be fairly cured by amendment, however. In the complaint, plaintiff alleged that for approximately one year, he had been receiving medical attention and treatment for his condition, including therapy and group counseling, as well as anti-depressant medication, after which time defendants decided to discontinue this treatment because it no longer provided any benefit to him. Plaintiff disagrees with defendants' decision, but such a difference of opinion does not state a claim under the Eighth Amendment. See Toguchi v. Chung, 391 F.3d 1051, 1058-60 (9th Cir. 2004) (holding difference of medical opinion as to need to pursue one course of treatment over another is insufficient, as a matter of law, to establish Eighth Amendment violation); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (holding difference of opinion between prisoner and prison medical authorities does not constitute Eighth Amendment violation). Plaintiff does not explain in his present motion how he would amend the complaint to state a cognizable claim.

Consequently, leave to amend is not warranted in this case, and the motion for reconsideration is DENIED.

This order terminates Docket No. 7.

IT IS SO ORDERED.

DATED: November 29, 2005

_____
MAXINE M. CHESNEY
United States District Judge